```
         IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

TRACY G. ALLEN,                  :

    Plaintiff,               :

vs.                              :   CIVIL ACTION 05-0105-CG-M

CHARLIE JONES, et al.,           :

    Defendants.              :

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court *sua sponte* for reconsideration of the Court's granting of Plaintiff's "Motion for Extention for the Last Time for 67 Days to August 21st[sic]" (Doc. 55) and "Motion Injunction of Relief, for Additional Time or Refund the Total Balance Thats Been Sent $55.25 [sic]" (Doc. 48).  Pursuant to both of Plaintiff's Motions, Plaintiff was granted an extension of time to pay the $250.00 filing fee. (Docs. 49 & 56)  Plaintiff has made several partial payments toward the filing fee in this action.  (Docs. 13, 37, 50-54)  However, Plaintiff has had more than three actions that he filed as a prisoner dismissed as frivolous, which subjects this action to review under 28 U.S.C. § 1915(g), and, for the reasons noted below, to a recommendation of dismissal without prejudice.  Thus, upon reconsideration of Plaintiff's foregoing Motions, they are due to be denied.

    Plaintiff filed this § 1983 action while he was an Alabama

prison inmate and sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 2).[1]  After discovering that Plaintiff had more than three actions previously dismissed as frivolous, the Court rescinded its initial grant of *in forma pauperis* status (Doc. 8), denied Plaintiff's Motion to Proceed without Prepayment of Fees, and ordered him to pay the $250.00 filing fee.  (Doc. 15)[2]

---

[1] This prisoner action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.

[2] The dockets of the Southern, Middle, and Northern United States District Courts in Alabama reflect that the following actions Plaintiff filed while he was a prisoner were dismissed as frivolous: *Allen v. Jones, et al.,* CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); *Allen v. Edwards, et al.,* CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); *Allen v. Carver, et al.,* CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); *Allen v. White, et al.,* CA 90-0561 (N.D. Ala. June 28, 1990); *Allen v. Patterson,* CA 90-0562 (N.D. Ala. June 26, 1990); *Allen v. State of Alabama,* CA 90-1100 (N.D. Ala. Aug. 21, 1990); *Allen v. Hunt, et al.,* CA 90-1101 (N.D. Ala. Aug. 21, 1990); *Allen v. Norman,* CA 91-0153 (N.D. Ala. May 29, 1991); *Allen v. Allen, et al.,* CA 91-1705 (N.D. Ala. Nov. 26, 1991); *Allen v. Hunt, et al.,* CA 91-1708 (N.D. Ala. Nov. 27, 1991); *Allen v. White, et al.,* CA 91-1935 (N.D. Ala. Feb. 3, 1992); *Allen v. Thigpen, et al.,* CA 91-2021 (N.D. Ala. Jan. 30, 1992); *Allen v. Battles, et al.,* CA 91-2476 (N.D. Ala. Apr. 17, 1992); *Allen v. Thigpen,* CA 92-1623 (N.D. Ala. Nov. 29, 1993); *Allen v. Chaplain,* CA 93-119 (N.D. Ala. Sept. 13, 1993); *Allen v. Nagle,* CA 93-897 (N.D. Ala. Sept. 1, 1993); *Allen v. Blankenship,* CA 93-1193 (N.D. Ala. Sept. 15, 1993); *Allen v. Martin*, CA 93-1801 (N.D. Ala. Mar. 2, 1994); *Allen v. Burton, et al.,* CA 93-1808 (N.D. Mar. 2, 1994); *Allen v. USPS,* CA 93-1834 (N.D. Ala. Mar. 2, 1994); *Allen v. Tucker,* CA 93-1929 (N.D. Ala. Dec. 28, 1993); *Allen v. Champale,* CA 93-1931 (N.D. Ala. Dec. 27, 1993); *Allen v. USPS,* CA 93-1932 (N.D. Ala. Dec. 28, 1993); *Allen v. Folsom, et al.,* CA 93-2229 (N. D. Ala. Apr. 1, 1994); *Allen v. State of Alabama*, CA 93-2272 (N.D. Ala. Apr. 4, 1994); *Allen v. Nagle,* CA 93-2350 (N.D. Ala. Mar. 31, 1994); *Allen v. Nagle, et al.,* CA 93-

Because Plaintiff has had three actions that were previously dismissed as frivolous, he was required to pay the $250.00 filing fee when he filed this action or he would suffer the dismissal of his action unless he came within the exception of 28 U.S.C. § 1915(g).  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324-25 (11th Cir.), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1449, 152 L.Ed.2d 391 (2002).

    Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

2399 (N.D. Ala. Apr. 1, 1994); *Allen v. DeLoach, et al.,* CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); *Allen v. Harrelson, et al.,* CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); *Allen v. Folsom, et al.,* CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); *Allen v. Dr. Thomas, et al.,* CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); *Allen v. Jones, et al.,* CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); *Allen v. Jones, et al.,* CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); *Allen v. Folsom, et al.,* CA 94-A-0684-N (M.D. Ala. June 28, 1994); *Allen v. Folsom, et al.,* CA 94-A-0691-N (M.D. Ala. June 28, 1994); *Allen v. Allen, et al.,* CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); *Allen v. Harrelson, et al.,* CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and *Allen v. Naile, et al.,* CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

In previously denying Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4), it was found that Plaintiff did not meet § 1915(g)'s exception that he was "under imminent danger of serious physical injury" at the time he filed his Complaint (Doc. 8).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). The undersigned concurs in this assessment of Plaintiff's Complaint.  That is, Plaintiff's Complaint concerns Plaintiff not being allowed to attend his father's funeral on or about April 29, 2002, even though Plaintiff had a clear record for six years and arrangements had been made for Plaintiff to be guarded. Plaintiff filed this action considerably later on February 22, 2005, than the denial, and this action does not concern a physical injury, much less one that is serious or imminent.  In fact, Plaintiff states that he is suing for psychological abuse he suffered.[3]

Therefore, because Plaintiff did not pay the $250.00 filing fee at the time he filed this action and has not met § 1915(g)'s "under imminent danger of serious physical injury" exception, Plaintiff's action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when

---

[3]Plaintiff had previously filed another action about not being allowed to attend his father's funeral, *Allen v. Thomas, et al.,* CA 02-0535-BH-S (S.D. Ala. Aug. 26, 2002), which was dismissed pursuant to 28 U.S.C. § 1915(g).

4

an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action). Accordingly, it is so recommended that this action be dismissed without prejudice.  It is further recommended that the fees that Plaintiff sent to the Court be returned to him and that Plaintiff's Motions (Docs. 48 & 55) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 22nd day of June, 2006.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE